LMH

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Garcia,  ) | No. CV 06-0855-PHX-DGC (DKD) |
| ) | |
| Petitioner, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Dora Schriro, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner, presently confined in the Arizona State Prison Complex in Tucson, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. He has paid the $5.00 filing fee. The Court will order an answer.

**A.     Procedural Background**

Petitioner asserts that on June 12, 2002, in the Maricopa County Superior Court, Matter No. CR2001-018107, he pled nolo contendere to attempted fraud and filing a false claim. He was sentenced to consecutive terms of 4 and 2 ½ years. On August 14, 2002, he filed a notice of post-conviction relief in the Maricopa County Superior Court. His petition was denied on August 17, 2004. His appeals therefrom were denied, with a final decision by the Arizona Supreme Court on March 9, 2006. See Pet. at 2.

In his habeas petition, Petitioner contends that his sentence violates his Sixth Amendment rights as interpreted in Blakely v. Washington, 542 U.S. 296 (2004), because he was sentenced to aggravated terms based on factors that were not admitted by him in the

1  plea.  He believes that if he had been given the presumptive sentence instead of an
2  aggravated sentence, he would already have been released.
3         Petitioner further contends that the trial court erred by rejecting his Blakely claim in
4  his post-conviction proceedings for the reason that Petitioner's "case was already complete
5  & my time for appeal has expired." (Pet. at 5.)   The trial court found that:

> In regard to the [e]ffect of the recent Blakely decision, this Court has been cited to no case that makes the Blakely decision retroactive to cases that have already been completed and where the time for appeal has expired.

8  (Pet., Ex. A. at p. 2.)  Petitioner asserts that his post-conviction proceedings were pending
9  before the trial court when Blakely was decided on June 24, 2004.
10         The Ninth Circuit has expressly held that Blakely does not apply retroactively to
11  habeas actions brought under § 2254. Schardt v. Payne, 414 F.3d 1025 (9th Cir. 2005), pet.
12  for cert. filed, No. 05-9237 (Nov. 10, 2005).  The retroactivity analysis, however, turns upon
13  whether Blakely was decided before Petitioner's conviction became "final."  For purposes
14  of retroactivity, "a defendant's case becomes final when 'a judgment of conviction has been
15  rendered, the availability of appeal exhausted, and the time for a petition for certiorari
16  elapsed or a petition for certiorari finally denied.'"   State v. Towery, 64 P.3d 828, 831-32
17  (Ariz. 2003) (quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987)).  The question,
18  then, is when finality occurs for a defendant who enters a plea.
19         In Arizona, a plea of guilty or no contest waives the right to a "direct appeal," but
20  allows "review" only by petition for post-conviction relief pursuant to Rule 32 of the Rules
21  of Criminal Procedure. See ARIZ. R. CRIM. P. 17.1(e).  This is known as a "Rule 32 of-right
22  proceeding." ARIZ. R. CRIM. P. 32.1.  The Arizona Supreme Court has found that the Rule
23  32 of-right proceeding preserves the state's constitutional guarantee of appellate review for
24  pleading defendants. State v. Smith, 910 P.2d 1, 3 (Ariz. 1996) (citations omitted).  The Rule
25  32 of-right proceeding is considered to be analogous to a direct appeal.  Id.
26         In recognition of these principles, the Arizona Court of Appeals has held that Blakely
27  applies to a petition for review from a Rule 32 of-right proceeding that was pending in the
28  Arizona Court of Appeals when Blakely issued. State v. Ward, 118 P.3d 1122 (Ariz. Ct.

1 App. 2005).  The <u>Ward</u> court rejected the trial court's view that <u>Blakely</u> did not apply when
2 it had been decided after the defendant had been sentenced but while the petition was
3 pending in the trial court. <u>Id.</u> at 1125.

4 Under <u>Ward</u>, Petitioner was entitled to have <u>Blakely</u> applied to his Rule 32 of-right
5 proceedings because they were pending when <u>Blakely</u> was decided.  A petition for review
6 of the <u>Ward</u> decision, however, is pending before the Arizona Supreme Court, and the
7 question of finality of a conviction for a pleading defendant appears to be unsettled under
8 Arizona law.  Accordingly, at this juncture, an answer to Petitioner's habeas action is
9 required. 28 U.S.C. § 2254(a).

10 **IT IS THEREFORE ORDERED THAT:**

11 (1)  A copy of the Petition and this Order be served by the Clerk of Court upon the
12 Respondent and the Attorney General of the State of Arizona by certified mail pursuant to
13 Rule 4, Rules Governing Section 2254 Cases.

14 (2)  Respondent shall answer the Petition within forty (40) days of the date of service.
15 Respondent shall not file a dispositive motion in place of an answer, but may file an answer
16 limited to relevant affirmative defenses, including but not limited to, statute of limitations,
17 procedural bar, or non-retroactivity.  If the answer is limited to affirmative defenses, only
18 those portions of the record relevant to those defenses need be attached to the answer.
19 Failure to set forth an affirmative defense in an answer may constitute a waiver of the
20 defense.  <u>See</u> <u>Nardi v. Stewart</u>, 354 F.3d 1134, 1140-41 (9th Cir. 2004); <u>see also</u> <u>Morrison</u>
21 <u>v. Mahoney</u>, 399 F.3d 1042 (9th Cir. 2005).   If not limited to affirmative defenses, the
22 answer shall fully comply with all of the requirements of Rule 5 of the Rules Governing
23 Section 2254 Cases.

24 (3)  Petitioner may file a reply within thirty (30) days from the date of service of the
25 answer.

26 (4)  Petitioner shall serve upon Respondent, or if appearance has been entered by
27 counsel, upon the attorney, a copy of every further pleading or other document submitted for
28 consideration by the Court.  Petitioner shall include with the original document and copy, to

1 be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of
2 the pleading or document was mailed to Respondent or the counsel.  Any paper received by
3 a District Court Judge or Magistrate Judge which has not been filed with the Clerk of the
4 Court may be disregarded by the Court.

5     (5) At all times during the pendency of this action, Petitioner shall immediately advise
6 the Court of any change of address and its effective date.  Such notice shall be captioned
7 "NOTICE OF CHANGE OF ADDRESS."   The notice shall contain only information
8 pertaining to the change of address and its effective date.  The notice shall not include any
9 motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may
10 result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil
11 Procedure 41(b).

12     (6)  Aside from the two copies of the petition or amended petition that must be
13 submitted, a clear, legible copy of every pleading or other document filed shall accompany
14 each original pleading or other document filed with the Clerk for use by the District Judge
15 or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement
16 may result in the pleading or document being stricken without further notice to Petitioner.

17     (7)  This matter is referred to Magistrate Judge David K. Duncan pursuant to Local
18 Rules of Civil Procedure 72.1 and 72.2 for further proceedings and a report and
19 recommendation.

20     DATED this 19th day of April, 2006.

_____
David G. Campbell
United States District Judge

TERMPSREF

- 4 -