1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9    Michael Garcia,                    )    No. CIV 06-0855-PHX-DGC (DKD)
                                         )
10              Petitioner,              )    **REPORT AND RECOMMENDATION**
                                         )
11   vs.                                 )
                                         )
12                                       )
                                         )
13   Dora B. Schriro; Attorney General of the )
     State of Arizona,                   )
14                                       )
                Respondents.             )
15                                       )
                                         )
16   _____ )

17   TO THE HONORABLE DAVID G. CAMPBELL, UNITED STATES DISTRICT JUDGE:

18          Michael Garcia filed a timely petition for writ of habeas corpus on March 24, 2006,

19   challenging his conviction in Maricopa County Superior Court following entry of a plea of

20   no contest to attempted fraud and filing a false claim, and the trial court's imposition of

21   consecutive prison terms totaling 6 ½ years.  In his petition, Garcia contends that his sentence

22   violates his Sixth Amendment rights because he was sentenced to aggravated terms based on

23   factors that were not admitted by him in the plea.  *See Blakely v. Washington*, 542 U.S. 296

24   (2004).  He further contends that because his post-conviction proceedings were pending

25   before the trial court when *Blakely* was decided, his conviction was not "final" for purposes

26   of the retroactive application of *Blakely*.   For the reasons stated below, the Court

27   recommends that Garcia's petition be denied and dismissed with prejudice.

28

1    As part of the plea agreement entered into on April 23, 2002, the parties stipulated to

2    a prison term not greater than the aggravated sentence of 4 years on the fraudulent schemes

3    count, and that the trial court could sentence Garcia to either prison or probation on the false

4    claim count (Doc. #9, Exh A at 31).   The probation officer recommended aggravated

5    sentences on both counts because of the amount of money involved, and because Garcia had

6    committed the offenses while on parole, and had several prior felony convictions (*Id*. at 39).

7    The trial court followed this recommendation in imposing aggravated terms, finding the

8    following aggravating circumstances: (1) the commission of the offenses for pecuniary gain;

9    (2) his previous felony convictions; and (3) his previous incarceration for similar offenses

10   (*Id*., Exh C, R.T. 6/12/02 at 10).

11    On August 15, 2002, Garcia filed a notice of post-conviction relief; on April 9, 2004,

12   he filed a petition, arguing that his consecutive sentences violated A.R.S. § 13-116 and *State*

13   *v. Gordon*, 161 Ariz. 308 (1989) (*Id*., Exh A at 61, 84).  On June 22, 2004, the state filed a

14   response; in his reply, Garcia also raised a *Blakely* violation (*Id*. at 86, 87).  In denying his

15   petition, the trial court found as to his *Blakely* claim, that "this Court has been cited to no

16   case that makes the *Blakely* decision retroactive to cases that have already been completed

17   and where the time for appeal has expired"(Doc. #9, Exh B, Minute Entry 8/17/04).  Both

18   the court of appeals and the supreme court denied review (*Id*., Exh  E).

19    We agree with Respondents that assuming *arguendo* that *Blakely* is even applicable,

20   Garcia's argument is in any event without merit.  The Sixth Amendment requires that "any

21   fact that increases the penalty for a crime beyond the statutory maximum must be submitted

22   to a jury, and proved beyond a reasonable doubt."  *Blakely v. Washington*, 542 U.S. at

23   301(quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

24    In Arizona, the "statutory maximum" for *Apprendi* purposes is the presumptive term,

25   "the maximum sentence  the judge may impose solely *on the basis of facts reflected in the*

26   *jury verdict or admitted by the defendant*."  *Id*. at 303 (emphasis in original).  "In other

27   words, the relevant 'statutory maximum' is not the maximum sentence [that may be imposed]

28

1   after finding additional facts, but the maximum [that may be imposed] *without* any additional

2   findings." *Id*.

3         However, "once a jury finds or a defendant admits a single aggravating factor, the

4   Sixth Amendment permits the sentencing judge to find and consider additional factors

5   relevant to the imposition of a sentence up to the maximum prescribed in that statute." *State*

6   *v. Martinez*, 210 Ariz. 578, 585 (2005). *See also United States v. Booker*, 125 S.Ct. 738, 748

7   (2005) (jury must determine facts that raise a sentencing ceiling). Thus upon the finding of

8   an aggravating factor the 'statutory maximum' then becomes not the presumptive term, but

9   the maximum aggravated sentence allowed by the relevant sentencing statute. Under

10  Arizona's statutory sentencing scheme Garcia's prior conviction is itself a sufficient

11  aggravating factor to allow him to be sentenced up to the statutory maximum. Garcia's

12  *Blakely* argument fails because exempt from the *Blakely* requirement is *Apprendi's* exception

13  for prior convictions. Based upon Garcia's prior convictions alone, the sentencing judge was

14  authorized to find the remaining aggravating factors, and acted within his discretion in

15  imposing a sentence anywhere within the statutory range.

16        **IT IS THEREFORE RECOMMENDED** that Michael Garcia's petition for writ of

17  habeas corpus be **DENIED** and **DISMISSED WITH PREJUDICE** (Doc. #1).

18        This recommendation is not an order that is immediately appealable to the Ninth

19  Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

20  Appellate Procedure, should not be filed until entry of the district court's judgment. The

21  parties shall have ten days from the date of service of a copy of this recommendation within

22  which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules

23  72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within

24  which to file a response to the objections. Failure timely to file objections to the Magistrate

25  Judge's Report and Recommendation may result in the acceptance of the Report and

26  Recommendation by the district court without further review. *See United States v. Reyna-*

27  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual

28  determinations of the Magistrate Judge will be considered a waiver of a party's right to

1    appellate review of the findings of fact in an order or judgment entered pursuant to the

2    Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

3        DATED this 4th day of October, 2006.

4

5

6

7

8    _____

                    David K. Duncan

             United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28