1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Garcia, | No. 06-0855-PHX-DGC (DKD) |
| Petitioner, | **ORDER** |
| vs. | |
| Dora Schriro, et al., | |
| Respondents. | |

Pending before the Court are Michael Garcia's petition for writ of habeas corpus and United States Magistrate Judge David Duncan's Report and Recommendation ("R&R"). Dkt. ##1, 11. The R&R recommends that the Court deny the petition. Dkt. #11 at 3. Petitioner has filed objections to the R&R. Dkt. #12. For the reasons set forth below, the Court will accept the R&R and deny the petition.

**I.     Background.**

Between January 2000 and July 2001, Petitioner fraudulently filed Arizona tax returns, using false names, false entries of income and amount of refund due, and false W-2 forms. Dkt. #9, Ex. A at 31. On April 23, 2002, Petitioner entered into a plea agreement for attempted fraud and filing of a false claim. *Id*. The parties stipulated to a prison term of not more than the aggravated sentence of 4 years on the attempted fraud count, but did not stipulate to a sentence on the false claim count, leaving the sentence to the state court's

discretion. *Id*. In the presentence investigation report, Petitioner's probation officer recommended aggravated sentences for both counts because Petitioner had previous felony convictions, had committed the offenses while on parole, and had derived pecuniary gain from the fraud. *Id*. at 39. On June 12, 2002, the superior court of Maricopa County sentenced Petitioner to the aggravated sentences of 4 years on the attempted fraud count and a consecutive 2.5 years on the false claim count. *Id*., Ex. C at 2. The aggravating circumstances on which the court based its decision were (1) the commission of the offenses for pecuniary gain, (2) Petitioner's multiple prior convictions, and (3) Petitioner's prior incarceration for similar offenses. *Id*. at 10.

On August 15, 2002, Petitioner filed a notice of post-conviction relief, and on April 9, 2004, filed a petition in which he argued that his consecutive sentences were improper under A.R.S. § 13-116 and *State v. Gordon*, 778 P.2d 1204 (Ariz. 1989). *Id*., Ex. A at 61, 84. In his reply, Petitioner raised the new argument that the trial court improperly considered aggravating factors under *Blakely v. Washington*, 542 U.S. 296 (2004), when it sentenced him to terms greater than the presumptive terms for the offenses committed. Dkt. #9, Ex. A at 31, 87 (presumptive terms were 3.5 years for attempted fraud and 1.5 years for filing a false claim). In denying Petitioner's post-conviction relief claims, the trial court found that *Blakely* did not apply retroactively to Petitioner's case. Dkt. #9, Ex. B at 88. Both the Arizona Court of Appeals and Supreme Court denied review. *Id*. Ex. E. On March 13, 2006, Petitioner filed a petition for writ of habeas corpus. Dkt. #1.

**II. Discussion.**

The R&R states that "assuming *arguendo* that *Blakely* is even applicable, Garcia's argument is in any event without merit." Dkt. #11 at 2.[1] The R&R then explains *Blakely*,

---

[1] Respondents argue that although Petitioner's Rule 32 of-right proceeding was pending at the time *Blakely* was decided, *Blakely* does not apply to Petitioner's case because it was not on direct appeal from a guilty verdict. Dkt. #9 at 4-10. As the Court stated in its April 19, 2006 order, however, a Rule 32 proceeding following a plea bargain is "considered to be analogous to a direct appeal" for *Blakely* purposes. Dkt. #5 at 3 (discussing *State v. Ward*, 118 P.3d 1122, 1126 (Ariz. 2005)).

- 2 -

which held that "any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely*, 542 U.S. at 301 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). The "statutory maximum" is initially the presumptive term and is the "maximum sentence the judge may impose solely *on the basis of facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303 (emphasis in original).

The R&R then examines how Arizona has interpreted *Blakely*. As a preliminary matter, prior convictions are exempt from *Blakely* and may serve as aggravating factors without further proof. *United States v. Quintana-Quintana*, 383 F.3d 1052, 1053 (9th Cir. 2004), *cert. denied*, 543 U.S. 1130 (2005); *State v. Martinez*, 115 P.3d 618, 621 (Ariz. 2005). Next, "once a jury finds or a defendant admits a single aggravating factor [other than a prior conviction], the Sixth Amendment permits the sentencing judge to find and consider additional factors relevant to the imposition of a sentence up to the maximum prescribed in that statute." *Id.* at 625. In other words, once an aggravating factor – properly established through a jury finding, an admission, or a prior conviction – increases a defendant's maximum sentence, the court may independently find and consider other aggravating factors to support a sentence within the new maximum.

The R&R concludes that Garcia's prior convictions served as an aggravating factor that allowed the trial judge to sentence him to the statutory maximum. Thus, "based upon Garcia's prior convictions alone, the sentencing judge was authorized to find the remaining aggravating factors, and acted within his discretion in imposing a sentence anywhere within the statutory range." Dkt. #11 at 3.

Petitioner's only objection to the R&R is that because the plea agreement stated that "[t]he State agrees to withdraw the allegation of prior convictions," the trial court should not have considered prior convictions as an aggravating factor that authorized a sentence above the presumptive term. Dkt. #12 at 2; Dkt. #9, Ex. A at 31. He quotes the trial court as stating that "[t]he aggravated sentence is limited by the plea agreement" to bolster his argument that the trial court knew it could not consider his prior convictions, but did so anyway. Dkt. #12

1  at 2. Petitioner takes this quote out of context, however, by omitting the second half of the
2  sentence. The entire sentence reads: "Moreover, the aggravated sentence here is limited by
3  the plea agreement in cause one or Count 1 to four years, a Class 3 felony." Dkt. #12, Ex. B.
4  By this statement, the trial court simply meant that it would not give an aggravated sentence
5  of greater than four years on the attempted fraud count because the plea agreement required
6  that it refrain from doing so.

7  The record confirms that the prosecution did not violate the plea agreement. The trial
8  court specifically noted that Petitioner's prior convictions were not alleged for enhancement
9  purposes by the state. Dkt. #9, Ex. C at 10. Instead, the court learned of Petitioner's prior
10 convictions from the probation officer in the presentence investigation report and from
11 Petitioner's own attorney, who told the court "I'd just like to tell you that he has got a record,
12 obviously." Dkt. #9, Ex. A at 39, Ex. C at 5-6. The trial court properly considered
13 Petitioner's prior convictions as an aggravating circumstance that increased the maximum
14 allowable sentence under *Blakely*. Once the new maximum was established, the court was
15 free to consider the other aggravating circumstances of parole violation and pecuniary gain
16 in deciding where to sentence Petitioner within the new maximum range. *See United States*
17 *v. Booker*, 543 U.S. 220, 244 (2005); *Jones v. Schriro*, No. CV-05-3720-PHX-JAT, 2006 WL
18 1794765, at *2 (D.Ariz. June 27, 2006); *Martinez*, 115 P.3d at 624-25 (interpreting *Blakely*
19 and *Booker* to require that only the aggravating factor that initially increases a sentencing
20 ceiling must comport with *Blakely's* heightened proof requirements).

21 Moreover, the State argues that the factual stipulation entered into as part of the plea
22 agreement served as an admission that allowed the trial court to consider the pecuniary gain
23 Petitioner derived from his offenses as an independent aggravating factor, even if the trial
24 court should not have considered his prior convictions. Dkt. #9 at 11-12 n.2. The Court
25 agrees. The plea agreement stipulated that Petitioner fraudulently "received refund warrant
26 checks from the State of Arizona which he cashed." Dkt. #9, Ex. A at 31. This admission
27 of pecuniary gain is an aggravating factor that satisfies *Blakely*. *See State v. Sansing*, 77 P.3d
28 30, 33-36 (Ariz. 2003) (factual stipulations established aggravating factors justifying

1 defendant's death sentence). The trial court did not violate the Sixth Amendment when it
2 considered aggravating factors in sentencing Petitioner to a prison term longer than the
3 presumptive terms for the offenses covered by the plea agreement. *See Booker*, 543 U.S. at
4 244 (explaining that a court may consider defendant admissions as aggravating facts); *United*
5 *States v. Labrada-Bustamante*, 428 F.3d 1252, 1261 (9th Cir. 2005) (same); *Quintana-*
6 *Quintana*, 383 F.3d at 1053 (holding that courts may consider prior convictions without
7 violating *Blakely*); *United States v. Morales-Perez*, 448 F.3d 1158, 1162 (9th Cir. 2006)
8 (same); *United States v. Brown*, 417 F.3d 1077, 1078-79 (9th Cir. 2005) (same).

**IT IS ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Dkt. #11) is **accepted**.
2. Petitioner's petition for writ of habeas corpus (Dkt. #1) is **denied**.

DATED this 9th day of November, 2006.

David G. Campbell
United States District Judge